FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL Z., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-00209-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 17.  Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

## I.     Jurisdiction

Plaintiff filed an application for Supplemental Security Income on April 10, 2015. AR 79. He alleged a disability onset date of January 2, 2012. AR 229. Plaintiff's application was initially denied on August 6, 2015, AR 109-12, and on reconsideration on March 11, 2016, AR 121-27.

Administrative Law Judge ("ALJ") Kimberly Boyce held a hearing on April 23, 2018 and heard testimony from Plaintiff and vocational expert Michael Swanson. AR 37-63. On May 14, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-31. The Appeals Council denied Plaintiff's request for review on April 15, 2019. AR 1-5. Plaintiff sought judicial review by this Court on June 12, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).

## II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social

1  Security Act.  20 C.F.R. § 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111,
2  1114 (9th Cir. 2006).  In steps one through four, the burden of proof rests upon the
3  claimant to establish a prima facie case of entitlement to disability benefits.
4  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once
5  the claimant establishes that physical or mental impairments prevent him from
6  engaging in his previous occupations.  20 C.F.R. § 416.920(a).  If the claimant
7  cannot engage in his previous occupations, the ALJ proceeds to step five and the
8  burden shifts to the Commissioner to demonstrate that (1) the claimant is capable
9  of performing other work; and (2) such work exists in "significant numbers in the
10 national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386,
11 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g).  42 U.S.C. § 1383(c)(3).  The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v.*

1  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).

2  In determining whether the Commissioner's findings are supported by substantial

3  evidence, "a reviewing court must consider the entire record as a whole and may

4  not affirm simply by isolating a specific quantum of supporting evidence."

5  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock

6  v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

7      In reviewing a denial of benefits, a district court may not substitute its

8  judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

9  1992). "The court will uphold the ALJ's conclusion when the evidence is

10 susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533

11 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's

12 decision on account of an error that is harmless. *Id*. An error is harmless where it

13 is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*.

14 (quotation and citation omitted). The burden of showing that an error is harmful

15 generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*,

16 556 U.S. 396, 409-10 (2009).

17                     **IV.   Statement of Facts**

18     The facts of the case are set forth in detail in the transcript of proceedings

19 and only briefly summarized here. Plaintiff was 41 years old at the date of

20 application. AR 229. Plaintiff alleged that the following conditions limited his

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4**

ability to work: left shoulder injury; bipolar disorder; allergies; asthma; and MRSA. AR 257. Plaintiff completed his GED in November of 2008. AR 258. At the time of application, Plaintiff stated that he had previously worked as a landscaper and a mechanic. *Id*. Plaintiff reported that he stopped working on September 1, 2012 because he was laid off. AR 257.

## V.   The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the date of application, April 10, 2015, through the date of the decision. AR 15-31.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged date of onset. AR 17 (citing 20 C.F.R. § 416.971 *et seq*.).

**At step two**, the ALJ found that Plaintiff had the following severe impairments: status post cervical fusion with residual left arm weakness; carpal tunnel syndrome; learning disorder; affective disorder; antisocial personality disorder; and substance addiction disorder (citing 20 C.F.R. § 416.920(c)). AR 17.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 19 (citing 20 C.F.R. § 416.920(d)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5**

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform work at the medium exertional level with the following limitations:

> The claimant can occasionally climb ladders and scaffolds and can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can frequently reach, handle, and finger with the right upper extremity, can frequently reach with the left upper extremity, and can occasionally handle, finger and feel with the non-dominant left upper extremity. In order to meet ordinary and reasonable employer expectations the claimant can understand, remember, and carry out unskilled, routine, and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. The claimant can cope with occasional work setting change and occasional interaction with supervisors, can work in proximity to coworkers, but not in a team or cooperative effort, and can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

AR 21 (citing 20 C.F.R. § 416.967(c)). The ALJ found that Plaintiff did not have past relevant work. AR 29.

**At step five**, the ALJ found that, in light of his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of auto detailer, shores laborer or warehouse worker, and laundry worker. AR 30. Based on this step five determination, the ALJ found that Plaintiff had not been under a disability, as defined in the Act, from April 10, 2015, through the date of her decision. AR 31 (citing 20 C.F.R. § 416.920(g)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 6

VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues that the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; (2) failing to properly consider Plaintiff's symptom statements; and (3) failing to properly weigh statements from Plaintiff's mother. ECF No. 13.

VII. Discussion

A. Medical Opinions

Plaintiff challenges the weight the ALJ gave to the opinions of CeCilia Cooper, Ph.D., N.K. Marks, Ph.D., and Tae-Im Moon, Ph.D. ECF No. 13 at 5-16.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

Plaintiff asserts that the lessor standard of specific and legitimate applies to the opinions of Dr. Cooper, Dr. Marks, and Dr. Moon. ECF No. 13 at 14.

### 1.    CeCilia Cooper, Ph.D.

On February 24, 2016, Dr. Cooper completed a psychological evaluation of Plaintiff and diagnosed him with cannabis use disorder, other specificized bipolar disorder, somatic symptom disorder, and antisocial personality disorder. AR 407-08. She further found that he may have some learning disabilities. AR 408. She then provided the following Medical Source Statement:

> [Plaintiff]'s ability to reason is mildly impaired. His ability to understand what is said is impaired because of erratic encoding. His immediate retention of what is said is poor. His ability to persist is moderately impaired. He needed accommodation to complete this evaluation. His ability to maintain appropriate social interactions is poor. His ability to respond appropriately to normal hazards is poor due to inability to stay focused on important aspects. His ability to adapt to change is poor because of mistrust and impulsivity. He would require close supervision at worksites. His relationships at worksites would be strained because of his personality traits. His general appearance would be acceptable in many casual settings. He would try to keep his surroundings in good order.

AR 408. His prognosis was considered poor because he was using marijuana and alcohol regularly, he had recently used methamphetamine, he was consuming large

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 8

quantities of caffeine, he was not taking his prescribed psychotropic medications, and he was not receiving any mental health assistance. *Id*.

The ALJ gave the opinion little weight, stating that "[t]hese limitations are also inconsistent with the normal psychiatric observations, the lack of serious problems on mental status examinations, and the minimal mental health treatment as discussed above." AR 28. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, the ALJ failed to specifically identify evidence that undermined a specific portion of the opinion. Such a general conclusion is not a sufficiently specific reason for rejecting the opined limitations. Therefore, the case is remanded for the ALJ to properly address the opinion.

**2.  N.K. Marks, Ph.D.**

On October 23, 2016, Dr. Marks completed a Psychological Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS) following an evaluation on October 6, 2016. AR 521-25. She diagnosed Plaintiff

with unspecified alcohol-related disorder, unspecified amphetamine or other stimulant-related disorder, unspecified cannabis-related disorder, unspecified anxiety disorder, unspecified attention-deficit/hyperactivity disorder, borderline intellectual functioning disorder, and antisocial personality disorder. AR 524. She opined that Plaintiff had a severe limitation in the abilities to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, and to set realistic goals and plan independently. AR 525. She further opined that Plaintiff had a marked limitation in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and a moderate limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to adapt to changes in a routine setting, to make simple work-related decisions, and to ask simple questions or request assistance. AR 524-25.

  The ALJ gave the opinion little weight stating that "[t]hese limitations are also inconsistent with the normal psychiatric observations, the lack of serious problems on mental status examinations, and the minimal mental health treatment as discussed above." AR 28. This is the identical language used to reject the opinion of Dr. Cooper. *Id*.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

As discussed above, such a general conclusion is not a sufficiently specific reason for rejecting the opined limitations. *See Magallanes*, 881 F.2d at 751; *Embrey*, 849 F.2d at 421-22. Therefore, the case is remanded for the ALJ to properly address the opinion.

### 3.   Tae-Im Moon, Ph.D.

On April 23, 2015, Dr. Moon completed a Psychological/Psychiatric Evaluation for DSHS diagnosing Plaintiff with bipolar I disorder, ADHD, and learnings disorder with impairment in mathematics, reading, and written expression. AR 345. She opined that Plaintiff had a moderate limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to learn new tasks, to adapt to changes in a routine work setting, and to be aware of normal hazards and take appropriate precautions, and to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, to complete a normal work day and work week without interruptions from psychologically based symptoms, and to set realistic goals and plan independently. AR 346. She recommended "assistance in finding employment. He has a [history] of learning disability, ADHD and mood disorder. The [claimant] would benefit from being in a sheltered work situation where he can have necessary support to be successful." *Id*. The ALJ gave the opinion "significant weight," stating that "Dr. Moon indicated the claimant has no more

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

than moderate limitation in any work related activity, specifically recommended the claimant receive assistance finding employment." AR 27.

Plaintiff argues that the ALJ misapprehended the significance of the moderate limitations and failed to address the limitation to sheltered work. ECF No. 13 at 14-16. He relies upon Social Security Ruling (S.S.R.) 85-15, which defines "basic work demands" of unskilled work as the abilities to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and unusual work situations; and to deal with changes in a routine work setting. *Id*. at 15. The S.S.R. goes on to state that "[a] substantial loss to meet any of these basic work-related activities would severity limit the potential occupational base." S.S.R. 85-15.

Here, Dr. Moon opined moderate limitations in multiple areas of mental functioning. AR 346. Moderate is defined as "there are significant limits on the ability to perform one or more basic work activity," AR 345, which appears to fall under the language of S.S.R. 85-15 cited by Plaintiff. However, the Ninth Circuit has clearly stated that S.S.R. 85-15 does not apply to claimants that have both exertional and non-exertional impairments. *Roberts v. Shalala,* 66 F.3d 179, 183 (9th Cir. 1995) (as amended), *cert. denied,* 116 S.Ct. 1356 (1996). Exertional limitations "affect only your ability to meet the strength demands of jobs (sitting, standing, walking lifting, carrying, pushing, and pulling)." 20 C.F.R. §

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

1  416.969a(b).  Nonexertional limitations "affect only your ability to meet the

2  demands of jobs other than strength demands."  20 C.F.R. § 416.969a(c).  Here,

3  Plaintiff's impairments resulted in both exertional and nonexertional limitations.

4  His exertional limitations reduced his RFC to medium work, which limited his

5  lifting to no more than 50 pounds and his frequent lifting or carrying to 25 pounds

6  under 20 C.F.R. § 416.967(c).  AR 21.  The nonexertional limitations included the

7  remaining limitations identified in the RFC determination.  *Id*.  Therefore, S.S.R.

8  85-15 is not applicable to this case.

9  However, the ALJ erred in finding that Dr. Moon "recommended the

10 claimant receive assistance finding employment."  AR 27.  Dr. Moon

11 "[r]ecommend[ed] assistance in finding employment.  He has a [history] of

12 learning disability, ADHD, and mood disorder.  The [claimant] would benefit from

13 being in a sheltered work situation where he can have necessary support to be

14 successful."  AR 346.  "[A] claimant's ability to perform sheltered work does not

15 necessarily establish an ability to engage in substantial gainful work." of the Social

16 Security Act.  *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th

17 Cir. 1989).

18 Here, Dr. Moon's opinion that Plaintiff would benefit from sheltered work

19 because of the level of support that he required demonstrates that the ALJ's

20 characterization of the opinion, that Dr. Moon "indicated the claimant has no more

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

than moderate limitation in any work related activity, specifically recommend the claimant receive assistance finding employment," AR 27, is not accurate.

The case is being remanded to address the opinions of Dr. Cooper and Dr. Marks. The ALJ will readdress the opinion of Dr. Moon and specifically address the statement regarding sheltered work.

**B.    Plaintiff's Symptom Statements**

Plaintiff challenges that ALJ's determination that his symptom statements are unreliable. ECF No. 13 at 16-20.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The evaluation of a claimant's symptom statements and their

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to properly evaluate to opinion of Dr. Marks, Dr. Cooper, and Dr. Moon, the ALJ will also readdress Plaintiff's symptom statements on remand.

**C.    Plaintiff's Mother**

Plaintiff challenges the weight the ALJ gave a statement from her mother. ECF No. 13 at 20-21. Since this case is being remanded for the ALJ to readdress the medical opinions, the ALJ will also readdress the weight assigned to this statement.

## VIII.  Conclusion

Plaintiff requests that the credit-as-true rule be applied and the case be reversed for an immediate award of benefits. ECF No. 13 at 14.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Reversing and awarding benefits is appropriate when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 15

1  true, the ALJ would be required to find the claimant disabled on remand, the Court

2  remands for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir.

3  2017).  But where there are outstanding issues that must be resolved before a

4  determination can be made, and it is not clear from the record that the ALJ would

5  be required to find a claimant disabled if all the evidence were properly evaluated,

6  remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir.

7  2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

8       In this case, it is not clear from the record that the ALJ would be required to

9  find a claimant disabled if all the evidence were properly evaluated.  Multiple

10 providers have diagnosed Plaintiff with substance abuse disorders, including Dr.

11 Marks and Dr. Cooper.  Therefore, even if these opinions were credited as true, the

12 ALJ would have to address whether the substance abuse disorders are a

13 contributing factor material to the claim.  20 C.F.R. § 416.935; *see Bustamante v.*

14 *Massanari*, 262 F.3d 949 (9th Cir. 2001).  Further proceedings are necessary for

15 the ALJ to properly address the medical evidence, Plaintiff's symptom statements,

16 and the statement from Plaintiff's mother.  Additionally, the ALJ will supplement

17 the record with any outstanding evidence and call a vocational expert to testify at a

18 remand hearing.

19 ///

20 ///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 16

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** April 2, 2021.

                              *s/ Robert H. Whaley*
                              ROBERT H. WHALEY
                         Senior United States District Judge